FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 MAY 25   PM 12: 02

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

———————————————— x

JEFFREY TOTH and JOANNE TOTH,           :   Case No.: 3:12-cv-620-J-34Jbk
Individually and On Behalf of All Others :
Similarly Situated,                      :
                                         :
                     Plaintiffs,         :   **PLAINTIFFS JEFFREY AND JOANNE**
                                         :   **TOTHS' CLASS ACTION COMPLAINT**
         vs.                             :   **FOR VIOLATIONS OF THE FAIR DEBT**
                                         :   **COLLECTION PRACTICES ACT, 15**
NELSON, WATSON & ASSOCIATES, LLC,        :   **U.S.C. §1692 *et seq.*, AND INJUNCTIVE**
                                         :   **RELIEF AGAINST DEFENDANT**
                     Defendant.          :   **NELSON, WATSON & ASSOCIATES,**
                                         :   **LLC, AND DEMAND FOR JURY TRIAL**
———————————————— x

## NATURE OF ACTION

1.      This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where acts and transactions giving rise to Plaintiffs' action occurred in this State and this District, where Plaintiffs reside in this State and this District, and where Defendant transacts business in this State and this District.

## PARTIES

4.      Plaintiff Jeffrey Toth is a natural person who at all relevant times resided in the State of Florida, County of Flagler.

5.      Plaintiff Joanne Toth is a natural person who at all relevant times resided in the State of Florida, County of Flagler.

6.      Plaintiffs Jeffrey Toth and Joanne Toth are referred to herein, collectively, as "Plaintiffs." Plaintiffs each are a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

7.      Defendant Nelson, Watson & Associates, LLC ("Defendant" or the "Company") is a limited liability company with principal offices situated at 80 Merrimack St., Lower Level, Haverhill, MA 01830. Defendant may be served through its registered agent NRAI Services, Inc., 515 E. Park Avenue, Tallahassee, FL 32301.

8.      Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

1

9.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

10.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

11.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due a creditor other than Defendant, namely Capital One Services.

12.      Plaintiffs' obligation, or alleged obligation, owed or due, asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes.

13.      Plaintiffs' alleged obligation is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

14.      On or about September 13, 2011 at 9:41 AM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, and left the following message:

> Hi my name is Brain Catilino. This call is intended for Jeffery and Joanne Toth. I need you to return phone call as soon as you get the message at 1-888-295-2420, at my direct extension 2039. Thank you.

15.      In its voicemail message, Defendant failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

16.      In its voicemail message, Defendant failed to disclose to Plaintiffs its true corporate or business name.

17.     On or about September 13, 2011 at 9:42 AM, Defendant initiated, or caused to be initiated, a telephone call to Plaintiffs' telephone line, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, and left the following message:

> Hi, my name is Brian Catalino.  This call is intended for Jeffrey and Joanne Toth.  I need you to return the phone call as soon as you get the message at 1-888-295-2420. My direct extension is 2039.  Thank you.

18.     In its voicemail message, Defendant failed to notify Plaintiffs that the communication was from a debt collector calling in an attempt to collect a debt.

19.     In its voicemail message, Defendant failed to disclose to Plaintiffs its true corporate or business name.

20.     Defendant, as a matter of pattern and practice, leaves, or causes to be left, voice messages/voice recordings with and/or for alleged debtors using language substantially similar or materially identical to that utilized by Defendant in leaving, or causing to be left, the above-described voice messages for Plaintiffs.

## CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of:

> All persons located in the State of Florida who, within one year before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any purported consumer debt, where the caller failed to identify that she/he was a debt collector, failed to identify that he/she was calling to collect a debt, and/or failed to disclose the true corporate or business name of the entity that employed her/him.

Excluded from the Class is Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

3

22.     The proposed class is so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery.  The proposed class is ascertainable in that the names and addresses of all Class members can be identified in business records maintained by Defendant.

23.     Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiffs possess the same interests and have suffered the same injuries as each Class member.

24.     Plaintiffs will fairly and adequately protect the interests of the Class members and have retained counsel experienced and competent in class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with the members of the Class that Plaintiffs seek to represent.

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

26.     Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

a.   Defendant's violations of the FDCPA as alleged herein;

b.   the existence of Defendant's identical conduct particular to the matters at issue;

c.   the availability of statutory penalties; and

4

d.  the availability of attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT §1692d(6)

27.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 -

26.

28.     15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is
to harass, oppress, or abuse any person in connection with the collection of a debt.
Without limiting the general application of the foregoing, the following conduct is a
violation of this section:

*       *       *

(6) except as provided in 1692b of this title, the placement of telephone calls without
meaningful disclosure of the caller's identity.

29.     In the above-described voicemail messages, Defendant failed to notify Plaintiffs that

the communications were from a debt collector calling in an attempt to collect a debt.

30.     In the above-described voicemail messages, Defendant failed to disclose to Plaintiffs

its true corporate or business name.

31.     As such, Defendant violated 15 U.S.C. §1692d(6) by failing to provide meaningful

disclosure of its identity when placing telephone calls to Plaintiffs.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT §1692e(11)

32.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 -

26.

33.     15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is a violation of this section:

*       *       *

5

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

34.     In the above-described voicemail messages, Defendant failed to notify Plaintiffs that the communications were from a debt collector calling in an attempt to collect a debt.

35.     As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during communications with Plaintiffs that the communications were from a debt collector.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11);

(c)     Awarding Plaintiffs and members of the Class statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

(d)     Awarding Plaintiffs and members of the Class actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692k;

(e)     Awarding Plaintiffs and the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(f)     Awarding Plaintiffs and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

(g)     Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

DATED:  May 8, 2012                         Respectfully submitted,


**JAMES L. DAVIDSON**
Florida Bar. No. 723371
**MICHAEL L. GREENWALD**
Florida Bar No. 761761
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@mgjdlaw.com
mgreenwald@mgjdlaw.com
Lead Counsel for Plaintiffs

**AARON D. RADBIL**
Florida Bar No. 047117
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
Telephone: 888.595.9111 ext. 122
Fax: 866.577.0963
aradbil@attorneysforconsumers.com
Co-Counsel for Plaintiffs